| | DATE FILED: June 30, 2022 4:02 PM<br>FILING ID: 483DB36DA3705<br>CASE NUMBER: 2022CV30846 |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF ADAMS<br>STATE OF COLORADO<br>Court Address:   1100 Judicial Center Dr.<br>                         Brighton, CO 80601 | |
| Plaintiff:     MARIBEL RIVERA<br><br>v.<br><br>Defendant:      STATE FARM FIRE AND CASUALTY<br>                          COMPANY | ∆      COURT USE ONLY      ∆<br><br>Case No.: _____ |
| *Attorneys for Plaintiff:*<br><br>Gregory T. Dowty, No. 54541<br>Ramos Law<br>10190 Bannock St, Suite 200<br>Northglenn, CO  80260<br>Telephone: (720) 580-8343<br>Email: gdowty@ramoslaw.com | |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Maribel Rivera, by and through her counsel, RAMOS LAW, for her Complaint against Defendant, State Farm Insurance Fire and Casualty Company, states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, Maribel Rivera ("Plaintiff"), at all times material hereto, was a resident of the State of Colorado.

2. Upon information and belief, at all times material hereto, State Farm Insurance Fire and Casualty Company ("Defendant State Farm") was and remains a foreign corporation authorized to conduct and conducting the business of insurance in the State of Colorado.

3. This Court possesses subject matter jurisdiction to adjudicate the claims alleged herein under the provisions of Article VI, Section 9 of the Colorado Constitution.

4. Venue is proper in this county pursuant to C.R.C.P. 98(c), which Plaintiff designate as the place of trial in this action.

## GENERAL ALLEGATIONS

5. Plaintiff hereby incorporates all preceding paragraphs as though fully alleged herein.

6. On June 5, 2021, Plaintiff was driving her vehicle southbound on I-25 just past 120th Avenue in Northglenn, Colorado. Tomas Mcwhorta was driving a vehicle southbound on I-25 and attempted to change lanes, and crashed into Plaintiff. Plaintiff suffered injuries, damages and losses including economic, non-economic and permanent physical impairment/disfigurement.

7. At the time of the collision Tomas Mcwhorta was insured under a liability insurance policy issued by Progressive with a limit of $50,000 per person, ("BI Policy") and Plaintiff was insured for underinsured motorists protection ("UIM") under a policy of insurance issued by Defendant State Farm with limits of $25,000 per person. ("UIM Policy")

8. Per the terms of the UIM Policy and Colorado law, Defendant is obligated to pay damages up to the amount of the UIM Policy limit which are caused by Tomas Mcwhorta's negligence in excess of the BI Policy limit. The duty of good faith and fair dealing is also implied in the UIM Policy.

9. Plaintiff provided prompt notice of the collision to Defendant placing it on notice of his potential UIM claim and triggering Defendant State Farm's obligations under all available policies and Colorado law.

10. On November 19, 2021, Defendant State Farm gave permission to Plaintiff to settle with Progressive for the $50,000 BI Policy limits.

11. Progressive has tendered the $50,000 BI Policy limits.

12. On November 11, 2021, Plaintiff provided Defendant State Farm a Request for Underinsured Motorist Benefits and the related medical bills and records needed to evaluate Plaintiff's UIM claim.

13. Despite being provided with all the information and documentation establishing that the injuries, damages, and losses suffered by Plaintiff as a result of Tomas Mcwhorta's negligence well exceed the $50,000 paid by Progressive, Defendant State Farm has refused to pay a reasonable and fair amount of UIM benefits to Plaintiff.

14. Under Colorado first-party insurance bad faith law, an insurer's decision to deny benefits to its insured is evaluated based on the information that was before the insurer or was readily available to the insurer and could have been obtained as part of a reasonable investigation at the time of that decision. *Peiffer v. State Farm Mut. Auto. Ins. Co.*, 940 P.2d 967 (Colo. App. 1996).

15. In maintaining its refusal to pay a reasonable and fair amount of UIM benefits, Defendant State Farm did not contest the tortfeasor's liability for having caused the accident, did not contend that Plaintiff had failed to cooperate with its investigation, and did not raise any coverage-based grounds in support of non-payment of the Policy limits. Instead, Defendant State Farm relied upon the subjective analysis of adjusters in refusing to pay fair and reasonable benefits.

## CLAIM FOR RELIEF
### (Breach of Contract)

16. Plaintiff hereby incorporates all preceding paragraphs as though fully alleged herein.

17. At the time of the collision, Plaintiff was an insured person under the terms of the UIM Policy.

18. Plaintiff is authorized by the terms of the UIM Policy and Colorado law to obtain a determination in a court of law of the amount of UIM benefits owed by Defendant State Farm under the UIM Policy and to have such determination reduced to judgment.

19. Defendant State Farm has failed to pay all amounts Plaintiff contends are recoverable as compensatory damages for the injuries he sustained due to the negligence of Tomas Mcwhorta.

20. Plaintiff seeks through this claim to have a jury determine the amount of UIM benefits to which she is entitled as a result of the negligence of Tomas Mcwhorta and to have such determination reduced to judgment in Plaintiff's favor and against Defendant State Farm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendant State Farm, as follows:

a. For compensatory damages, both economic and non-economic, in amounts to be proved at trial;

      b.      For all pre- and post-judgment interest permitted by law;

      c.      For reasonable attorney's fees and court costs;

      d.      For such other and further relief as the Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 30th day of June 2022.

**RAMOS LAW**

*Original signature on file at Ramos Law*

*/s/ Gregory T. Dowty*
Gregory T. Dowty, No. 54541
Attorneys for Plaintiff

**Plaintiffs' Address:**

101 East 88th Ave. Apt #107
Thornton, CO 80229